UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERTO RIQUELME, | Case No. 3:20-cv-00211-LRH-CLB |
| Plaintiff, | ORDER |
| v. | |
| GEICO CASUALTY COMPANY; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive: | |
| Defendants. | |

Before the court is defendant Geico Casualty Company's ("GEICO") notice of removal. ECF No. 1.

Plaintiff Roberto Riquelme ("Riquelme" or plaintiff) initiated the present action against defendants on March 25, 2020, in the Second Judicial District Court for Washoe County, Nevada. On April 7, 2020, GEICO removed this action to federal court on the basis of diversity jurisdiction. ECF No. 1.

On April 16, 2020, the court reviewed the removal petition and held that it was not clear from the complaint that the amount in controversy had been met. ECF No. 9. The court granted GEICO twenty days in which to establish the amount in controversy by submitting summary judgment type evidence to the court. *Id.* On May 5, 2020, GEICO filed a supplement to its petition for removal. ECF No. 10.

///

1

On May 19, 2020, plaintiff filed his opposition to defendant's subsequent statement of removal (ECF No. 16).

GEICO argues that the amount in controversy has been met because although Riquelme has requested a $25,000 underinsured motorist policy, he has requested punitive damages. Under Nevada law, a plaintiff awarded less than $100,000 in compensatory damages may receive punitive damages up to $300,000. NRS § 42.005(1)(b). Therefore, GEICO argues that with punitive damages, the amount in controversy could be over the $75,000 requirement.

The court has reviewed GEICO's supplement for removal, and Riquelme's opposition thereto, and finds that GEICO has not established that the amount in controversy has been met. Generally, the amount in controversy may be satisfied by all of a plaintiff's claims for damages, including attorney's fees and punitive damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). However, the mere possibility of a punitive damages award is not sufficient to prove that the amount in controversy has been met. In order to meet their burden for removal, defendants must present evidence indicating the amount of punitive damages the plaintiff seeks will, more likely than not, exceed the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see* also, *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992).

Here, GEICO has failed to provide the court with sufficient evidence to establish that the amount in controversy will be exceeded by punitive damages claimed by plaintiff. It has not shown that an award of punitive damages is a supportable claim in this action, nor has it established that any punitive damage award, if awarded, is more likely than not to exceed $50,000. Thus, GEICO has failed to meet its burden to prove that the amount in controversy has been met. Accordingly, the matter shall be remanded for lack of jurisdiction.

///

1   IT IS THEREFORE ORDERED that the present action, case no. 3:20-cv-211-LRH-CLB, is REMANDED to the Second Judicial District Court for Washoe County, Nevada.

IT IS SO ORDERED.

DATED this 26th day of May, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE